### 17624.   McMILLAN *v.* THE STATE.

The charge that if the defendant had possession of liquor under the advice and prescription of a physician, "that would not authorize him to violate the law," was not subject to the exceptions taken.

The alleged newly discovered evidence did not require a new trial.

DECIDED NOVEMBER 9, 1926.

Possessing intoxicating liquor; from city court of Sylvania— Judge Evans.   July 26, 1926.

*J. W. Overstreet, H. A. Boykin,* for plaintiff in error.

*J. H. Howard, solicitor,* contra.

Criminal Law, 16 C. J. p. 1049, n. 82; p. 1050, n. 84; p. 1196, n. 37; p. 1206, n. 95.

Luke, J. McMillan was convicted of violating the prohibition statute, and in addition to the general grounds of the motion for new trial he assigns error because the court charged the jury as follows: "By consent of both parties, the prosecutor and the defendant, I have been requested to state in substance a conversation I had with Dr. Lewis, inasmuch as Dr. Lewis could not be present this morning. That statement is this: Dr. Lewis came to my office some months ago pending the trial of this case, and made the statement that he had been treating J. L. McMillan's wife, that her health was bad, and that he had told Mrs. McMillan that if she could get intoxicating liquor she would be benefited by use of it. He further stated that he knew nothing about the particular liquor in question, and the only thing he knew was, he told her that liquor would help her. I charge you, in connection with that statement, that if you find from the testimony that Mr. McMillan had possession of liquor, and had it under the advice and prescription of a physician, that would not authorize him to violate the law, in other words a man can not, under the advice of anybody else, violate the law. I make this statement, that it has no bearing on this case whatever except as showing Dr. Lewis' attitude, and I may go further and state that if he advised any one to violate the law, he would be conspiring to violate the law." The movant insists that this was error for the following reasons: (a) that it is contended by the defendant, as shown by the statement, that he knew nothing about the whisky claimed to have been found in his house at all; that if it was there he knew nothing about it; he stated that his wife, he understood, had some whisky to make camphor, and she missed some of it and some one had it under the house; that the vice of this instruction is that the court should have charged the jury more definitely that if Mrs. McMillan had procured whisky and had the whisky in the house, and it was without the defendant's knowledge or consent, he would not be guilty of possessing whisky; (b) that the language of the court excluded from the jury the theory of the defense as to whisky found on the defendant's premises, by stating to the jury that if he had possession of whisky, even though under the advice of a physician, it would still be a violation of law.

Another ground of the motion for a new trial is based on newly

discovered evidence. The evidence in this case amply authorized the defendant's conviction, and, in view of the charge of the court as a whole and the agreement of counsel permitting the court to state the conversation referred to in the charge of the court, and because the alleged newly discovered evidence would not likely produce a different result upon another trial of the case, the motion for new trial was properly overruled.

*Judgment affirmed.   Broyles, C. J., concurs.   Bloodworth, J., absent on account of illness.*